No. 3840

Second Circuit

(Second Division)

---

RUSSELL v. PIERCE PETROLEUM CORP. ET AL.

---

(December 9, 1931. Opinion and Decree.)

---

James W. Jones, Jr., of Natchitoches, attorney for plaintiff, appellant.

Breazeale & Hughes, of Natchitoches, attorneys for defendant, appellee.

CULPEPPER, J. This case is before the court with an incomplete record, in that the testimony has not been brought up. The absence of the testimony is apparently due to the fault of the appellant in fail-

ing to pay the court stenographer his fee for taking and transcribing same in the lower court.

Judgment was rendered on July 22, 1930, and signed July 23rd, rejecting plaintiff's demands. Plaintiff took an order of appeal made returnable to this court on September 8, 1930. On September 9, 1930, the transcript of the record was filed in this court, with certificate attached, signed by A. H. O'Quinn, deputy clerk, setting forth that the record contained "a full true and complete transcript of all papers filed, and testimony adduced on the trial of the case." It later developed that the certificate was erroneously written.

The case was fixed for hearing in this court for November 16, 1931. On that day appellee filed a motion to dismiss the appeal on the ground that the record was incomplete in that it did not contain a transcript of the testimony. Simultaneously with the filing of the motion, there was also filed and attached to the record a second certificate signed by Mr. A. H. O'Quinn, the deputy clerk who signed the original certificate, setting forth that he was the court reporter who took the testimony in the trial of the case, and "that I made demand on the counsel for the plaintiff, appellee [should be appellant] to pay the stenographic fee, and same has never been paid, and I forwarded the transcript of appeal to the Honorable Court of Appeal without the transcribed evidence being a part of said record."

Plaintiff, appellant, has made no appearance by counsel to argue the case or to file brief. He has filed no assignment of errors or statement of facts upon which this court can base an opinion. Nor has he asked for further time in which to have the testimony brought up.

Construing the last certificate of the deputy clerk as a correction of the first, the two together show an incomplete record, which fact is due to the fault of appellant. Appellant has had more than a year in which to pay for taking and transcribing the testimony.

Due to the fact that there is no testimony on which to base an opinion, and the further fact that appellant has made no appearance by brief or by counsel, or otherwise, we take it that the appeal has been abandoned, and same is, therefore dismissed.